IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| GOLDEN RULE INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. ) |
| ROBERT J. BOYD, | ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff Golden Rule Insurance Company (herein "Golden Rule"), by counsel, for its Complaint against the Defendant, states:

### COUNT I
### (Rescission)

1. Plaintiff is, and was, at all times hereinafter mentioned a corporation duly organized and existing under the laws of the State of Illinois with its principal place of business in Lawrenceville, County of Lawrence, State of Illinois.

2. Defendant is, and was, at all times hereinafter mentioned domiciled in and a citizen of the City of Wilmington, County of New Castle, State of Delaware. The Defendant resides at 111 Belmont Avenue, Wilmington, DE 19804-1552.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 inasmuch as the parties are citizens of different states and the amount of controversy exceeds $75,000.00.

4. On November 24, 2003, Robert J. Boyd, age 39, applied to Golden Rule for a health insurance certificate and signed his application for insurance on said date.

1

5. On the application, the proposed insured was Robert J. Boyd with his son Robert J. Boyd, Jr. as a covered dependent.

6. Robert J. Boyd signed his name on the November 24, 2003 application under a "**STATEMENT OF UNDERSTANDING**," which, *inter alia*, says:

> Review the completed application and read the section below carefully before signing.
>
> I certify that I have personally completed this application. I represent that the answers and statements on this application are true, complete, and correctly recorded. **I Understand and Agree that: (1)** this application and the payment of the initial premium do not give me immediate coverage; **(2)** unless Golden Rule agrees to an earlier date, coverage for illness begins on the 15day after a person becomes insured for injury; **(3)** there will be no benefits for any loss incurred in the first year of coverage due to a preexisting condition; **(4) incorrect or incomplete information on this application may result in voidance of coverage or claim denial; (5)** this completed application, and any supplements or amendments, will be made a part of any policy/certificate which may be issued; **(6)** the broker is only authorized to submit the application and initial premium, and may not change or waive any right or requirement; and **(7) continuation of other coverage existing on the Golden Rule effective date for more than 90 days after the Golden Rule effective date will void this coverage.** I have received a Notice of Information Practices and a Conditional Receipt or Conditions Prior to Coverage.

7. Based on the above, Golden Rule issued Robert J. Boyd a health insurance certificate, certificate number 054848716, effective September 30, 2003. The lifetime maximum benefit available under the contract of insurance is $3,000,000 per covered person.

8. The original certificate was delivered to Robert J. Boyd and is believed to be presently in his possession.

9. A yellow sticker is attached to the front of the certificate, which states:

**Check the Attached Application:** If it is not complete or has an error, please let us know immediately. An incorrect or incomplete application may cause your coverage to be voided or a claim to be reduced or denied.

**Preexisting Conditions**: Generally, a health condition which exists before the applicable effective date is not covered during the first 12 months of coverage, unless it was: (a) fully disclosed to us on the application for insurance; and (b) not excluded or limited by name or specific description. Certain illnesses are not covered during the first six months a person is insured. See the Waiting Periods Clause in the General Exclusions and Limitations section.

10. The cover page of the certificate also provided as follows:

**Section 1  Agreement and Consideration**

We will pay benefits for a *loss* set forth in this *policy*. This *policy* is issued in exchange for and on the basis of the statements made on *your* application and payment of the first premium. It takes effect on the applicable effective date shown in Section 4. It will remain in force until the first renewal date, and for such further periods for which it is renewed. All periods will begin and end at 12:01 A.M. Standard Time, where *you* live.

11. The face page of the certificate further states:

**Check the attached application**. If it is not complete or has an error, please let us know. An incorrect application may cause *your* policy to be voided, or a claim to be reduced or denied.

12. Golden Rule received medical bills for treatment provided to Robert J. Boyd, Jr. for significant medical conditions. Following the submission of these bills, Golden Rule began a routine investigation.

13. On the application of insurance dated November 24, 2003, Robert J. Boyd answered "Yes" to question 20: "**In the last 6 months,** has any applicant taken, or been advised to take, medication or received medical advice or treatment of any kind?" Directly above this application question, the applicant was advised: IMPORTANT! PLEASE PROVIDE DETAILS OF EACH YES ANSWER IN "MEDICAL HISTORY DETAILS."

3

14. On the application of insurance dated November 24, 2003, Robert J. Boyd answered "No" to question 22(j): **"In the last 10 years, has any applicant had any indication, signs, symptoms, diagnosis, or treatment of:** j. diabetes or sugar in the blood or urine?"

15. On the application of insurance dated November 24, 2003, Robert J. Boyd answered "No" to question 25: n the last 10 years, has any applicant had any indication, signs, symptoms, diagnosis, or treatment of any other disease, disorder, injury, or adverse finding, or had any adverse or abnormal test results?

16. On the application of insurance dated November 24, 2003, question number 30 states: "List in 'Medical History Details' any additional doctors or other health care professionals that any applicant has consulted with or been treated by in the last 5 years, and give full details." In response to said question, Robert Boyd disclosed in the "MEDICAL HISTORY DETAILS" section on the next page of the application that, in response to question 20, "Robert Jr." had had a cold, cleared up in a few days with OTC (over the counter) medication.

17. Robert J. Boyd misstated Robert J. Boyd, Jr.'s true medical history in the application for insurance in response to questions 22(j), 25 and 30 (by itself as well as in conjunction with question no. 20) by failing to disclose *inter alia*, that: (a) Robert Boyd, Jr. was seen by Dr Warrington on September 22, 2003 for stomach pain; (b) Robert Boyd Jr.'s glucose was checked and was 190; (c) he was referred by Dr. Warrington to have a Hemoglobin A1C, Comprehensive Metabolic Profile, a CBC, and a TSH; (d) Robert Jr.'s mother deferred testing until a later date due to lack of insurance.

4

18. The prior medical history of Robert J. Boyd, Jr. was known to the Defendant.

19. This medical information was omitted from the application for insurance and was material to the risk to be assumed by Golden Rule.

20. Golden Rule relied to its detriment on the misinformation and omissions aforementioned and was inappropriately induced to issue a certificate of insurance to Robert J. Boyd. The misstatements were made in order to induce Golden Rule into issuing a certificate it would not have otherwise issued.

21. Based on the facts herein before set forth and other information developed in the investigation in this matter, Golden Rule wrote Robert J. Boyd, by letter, dated November 26, 2003, and gave him the option of accepting a rider excluding Robert Boyd, Jr. from coverage or having his coverage voided.

22. Receiving no response, Golden Rule notified Robert J. Boyd by letter dated January 13, 2004, that it was voiding his coverage. Golden Rule tendered all premiums to Robert J. Boyd at that time.

23. Robert J. Boyd has no rights under the certificate of insurance due to the voidance of the certificate.

24. An actual controversy exists between Robert J. Boyd and Golden Rule Insurance Company concerning the certificate of insurance and the claim for benefits.

25. Golden Rule is interested in this controversy.

26. An immediate need exists for a judicial declaration that Golden Rule acted properly in voiding the certificate and in denying the claims of the medical providers submitted in connection with Robert J. Boyd, Jr.'s claims, as

such a declaration is necessary so Golden Rule may know its duties and obligations under said certificate of insurance and act accordingly.

WHEREFORE, the Plaintiff, Golden Rule Insurance Company, prays this court:

1. Enter a judgment declaring that Golden Rule Insurance Company is entitled to void Certificate No. 054848716 *ab initio*, and that Golden Rule has no duty or obligation to pay any medical or hospital bills incurred by Robert J. Boyd, Jr.

2. For the costs of this action.

3. For such other relief as may be proper in the premises.

## COUNT II

### (Claim Denial)

The Plaintiff Golden Rule Insurance Company (herein "Golden Rule") for its Count II against the Defendant states:

1 - 23. Golden Rule realleges each and every allegation of paragraphs 1 through 23 of Count I of this Complaint as if set out in full herein as paragraphs 1 through 23 of Count II.

24. Under the terms of the certificate Golden Rule has a right to and does deny the claim for medical bills incurred by Robert J. Boyd, Jr.

25. In the event the Court finds Golden Rule does not have the right to void the certificate, Golden Rule does have the right to deny the aforesaid claim by virtue of the terms of the certificate.

26. An actual controversy exists between the Defendant and the Plaintiff Golden Rule concerning the certificate of insurance and the claim for

benefits.

27. The Plaintiff is interested in this controversy.

28. An immediate need exists for a judicial declaration that Golden Rule is entitled to deny the Defendant's claims and such a declaration is necessary so Golden Rule may know its duties and obligations, if any, under the certificate of insurance and may act accordingly.

WHEREFORE, the Plaintiff Golden Rule Insurance Company prays that the Court:

1. Enter a judgment declaring that Golden Rule Insurance Company is entitled to deny the Defendant's claims for all medical and hospitalization bills incurred by the Defendant Robert J. Boyc, Jr.

2. For the costs of this action.

3. For such other and further relief as may be proper in the premise.

_____
B. Wilson Redfearn
Delaware Bar No. 173
TYBOUT, REDFEARN & PELL
300 Delaware Ave., Ste. 1100
P.O. Box 2092
Wilmington, DE  19899
302/658-6901
Fax: 302/658-4018


David A. Anderson
ANDERSON & ASSOCIATES, P.C.
3802 W. 96th Street
Suite 110
Indianapolis, IN  46268
317/870-6080
Fax: 317/870-6081